UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| 3D SYSTEMS, INC., | : | |
| | : | Case No. 05-74891 |
| Plaintiff, | : | |
| v. | : | Hon. Avern Cohn |
| | : | |
| ENVISIONTEC, INC., ENVISIONTEC GMBH, | : | Magistrate Judge Hon. R. Steven |
| and SIBCO, INC., | : | Whalen |
| | : | |
| Defendants. | : | **JURY DEMANDED** |

| | |
|---|---|
| BODMAN LLP | RADER, FISHMAN & GRAUER, PLLC |
| Susan M. Kornfield (P41071) | R. Terrance Rader (P28747) |
| Alan N. Harris (P56324) | 39533 Woodward Avenue, Suite 140 |
| 110 Miller, Suite 300 | Bloomfield Hills, MI  48304 |
| Ann Arbor, Michigan 48104 | Tel: 248-594-0600 |
| Tel: 734-761-3780 | Fax: 248-594-0610 |
| Fax: 734-930-2494 | Attorneys for Defendants |
| Attorneys for Plaintiff | |
| | |
| LERNER, DAVID, LITTENBERG, | |
| KRUMHOLZ & MENTLIK, LLP | |
| Sidney David (SD 8700) | |
| Stephen B. Goldman (SG 4018) | |
| Samantha M. Kameros (SK 8223) | |
| 600 South Avenue West | |
| Westfield, New Jersey  07090-1497 | |
| Tel: 908-654-5000 | |
| Fax: 908-654-7866 | |
| Attorneys for Plaintiff | |

## **AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff 3D Systems, Inc., by its complaint of patent infringement against defendants

Envisiontec GmbH, Envisiontec, Inc. and Sibco, Inc., alleges and avers as follows:

## **PARTIES**

1.      Plaintiff 3D Systems, Inc., ("3D Systems") is a California corporation having a

place of business at 26081 Avenue Hall, Valencia, California 91355.

2.      Upon information and belief, defendant Envisiontec GmbH ("EG") is a German corporation having a place of business at Brüsseler Straße 51, 45968 Gladbeck, Germany.

3.      Upon information and belief, defendant Envisiontec, Inc. ("EI") is a Michigan corporation having a place of business at 1100 Hilton Street, Ferndale, Michigan 48220 and a manufacturing facility at 2808 Oregon Court, Torrance, California, 90503.

4.      Upon information and belief, defendant Sibco, Inc. ("Sibco") is a Michigan corporation having a place of business at 1100 Hilton Street, Ferndale, Michigan 48220.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## BACKGROUND FACTS

7.      3D Systems is a global company that has developed technology in advanced solid imaging which it has incorporated into prototyping systems for generating three-dimensional objects by solid imaging including photopolymerization, which are marketed in the United States and abroad.  These products are used to create physical three-dimensional models of an object from a fluid medium involving the application of solid imaging techniques, including stereolithographic techniques.  To protect 3D System's technology, 3D Systems has applied for and obtained numerous patents in the United States and abroad.

8.      Upon information and belief, EG is in the business of three-dimensional solid imaging, and manufactures and sells prototyping systems used for creating physical three-dimensional models of an object using solid imaging techniques.  These products are

2

marketed within the United States and within the jurisdiction of this Court, under the trademarks PERFACTORY (*see* Exh. "A" attached) and VANQUISH (*see* Exh. "B" attached).

9.      Upon information and belief, EI is the United States branch of EG (*see* Exh. "C" attached), which markets and sells within the United States and within the jurisdiction of this Court infringing prototyping systems manufactured by EG and infringing prototyping systems manufactured by EI at its Torrance, California facility.

10.      Upon information and belief, Sibco is in the business of three-dimensional solid imaging, and markets and sells  the VANQUISH prototyping system manufactured by EI and EG's PERFACTORY prototyping system within the Unites States and within the jurisdiction of this Court (*see* Exh. "D" attached).

11.      Upon information and belief, EG, EI, and Sibco had actual notice of 3D Systems' asserted rights of infringement of at least the following U.S. Patents: 5,569,431; 5,571,471; 5,630,981; 4,929,402; 4,999,143; 5,137,662; and 5,345,391 by their three-dimensional solid imaging products.

12.      This action relates to the defendants' infringement of 3D Systems' United States patents covering various three-dimensional solid imaging products and methods for creating physical three-dimensional models of an object using solid imaging techniques.

## PATENTS AT ISSUE

13.      On October 29, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,569,431 by Hull ("the '431 Patent") for an invention entitled  "Method  and  Apparatus  for  Production  of  Three-Dimensional  Objects  by Stereolithography."  A copy of the first page of the '431 Patent is attached hereto as Exhibit "E."

14.      On November 5, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,571,471 by Hull ("the '471 Patent") for an invention

entitled "Method of Production of Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '471 Patent is attached hereto as Exhibit "F."

15.     On May 20, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,630,981 by Hull ("the '981 Patent") for an invention entitled "Method for Production of Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '981 Patent is attached hereto as Exhibit "G."

16.     On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,929,402 by Hull ("the '402 Patent") for an invention entitled "Method for Production of Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '402 Patent is attached hereto as Exhibit "H."

17.     On March 12, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,999,143 by Hull *et al.* ("the '143 Patent") for an invention entitled "Method and Apparatus for Production of Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '143 Patent is attached hereto as Exhibit "I."

18.     On August 11, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,137,662 by Hull *et al.* ("the '662 Patent") for an invention entitled "Method and Apparatus for Production of Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '662 Patent is attached hereto as Exhibit "J."

19.     On September 6, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,345,391 by Hull *et al.* ("the '391 Patent") for an invention entitled "Method and Apparatus for Production of High Resolution Three-Dimensional Objects by Stereolithography."  A copy of the first page of the '391 Patent is attached hereto as Exhibit "K."

20.     On December 29, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,174,931 by Almquist *et al.* ("the 391 Patent") for an invention entitled "Method of and Apparatus for Making a Three-Dimensional Product by Stereolithography."  A copy of the first page of the '931 Patent is attached hereto as Exhibit "L."

21.     On July 29, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,651,934 by Almquist *et al.* ("the '934 Patent") for an invention entitled "Recoating of Stereolithographic Layers."  A copy of the first page of the '934 Patent is attached hereto as Exhibit "M."

22.     On April 6, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,891,382 by Almquist *et al.* ("the '382 Patent") for an invention entitled "Recoating of Stereolithographic Layers."  A copy of the first page of the '382 Patent is attached hereto as Exhibit "N."

23.     On May 11, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,902,537 by Almquist *et al.* ("the '537 Patent") for an invention entitled "Rapid Recoating of Three-Dimensional Objects Formed on a Cross-Sectional Basis."  A copy of the first page of the '537 Patent is attached hereto as Exhibit "O."

24.     April 11, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,048,487 by Almquist *et al.* ("the '487 Patent") for an invention entitled "Recoating Stereolithographic Layers."  A copy of the first page of the '487 Patent is attached hereto as Exhibit "P."

25.     3D Systems is the owner of the entire right, title, and interest in and to the '431, '471, '981, '402, '143, '662, '391, '931, '934, '382, '537 and '487 Patents.  The '431, '471, '981,

AnnArbor\105378.1

'402, '143, '662, '391, '931, '934, '382, '537 and '487 Patents are collectively referred to as "the 3D Systems Patents."

## FIRST CLAIM FOR RELIEF
### EG's Infringement Of The 3D Systems Patents

26.    3D Systems realleges and incorporates herein the foregoing allegations in paragraphs 1-25 as if set forth in their entirety.

27.    Upon information and belief, EG's three-dimensional products, including those sold under the trademarks PERFACTORY and VANQUISH, are used for prototyping of models in multiple layers using solid imaging techniques.

28.    Upon information and belief, and with actual knowledge and notice of at least the '431, '471, '981, '402, '143, '662, and '391 patents, EG has offered to sell and sold three-dimensional modeling products, specifically the PERFACTORY and VANQUISH products, in the United States and within the jurisdiction of the Court, that infringe the 3D Systems Patents and/or has actively induced infringement of and/or has contributorily infringed the 3D Systems Patents, which infringement is ongoing.

29.    The foregoing acts of patent infringement by EG have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to 3D Systems, and 3D Systems has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### EI's Infringement Of The 3D Systems Patents

30.    3D Systems realleges and incorporates herein the foregoing allegations in paragraphs 1-29 as if set forth in their entirety.

31.    Upon information and belief, and with actual knowledge and notice of at least the '431, '471, '981, '402, '143, '662, and '391 patents, EI has imported (at least as to the PERFACTORY product), manufactured (at least as to the VANQUISH product), offered to sell,

and sold three-dimensional modeling products, specifically the PERFACTORY and VANQUISH products, in the United States and within the jurisdiction of the Court, that infringe the 3D Systems Patents and/or has actively induced infringement of and/or has contributorily infringed the 3D Systems Patents, which infringement is ongoing.

32.     The foregoing acts of patent infringement by EI have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to 3D Systems, and 3D Systems has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**<u>Sibco's Infringement Of The 3D Systems Patents</u>**

33.     3D Systems realleges and incorporates herein the foregoing allegations in paragraphs 1-32 as if set forth in their entirety.

34.     Upon information and belief, and with actual knowledge and notice of at least the'431, '471, '981, '402, '143, '662, and '391 patents, Sibco has imported, offered to sell, and sold three-dimensional modeling products, specifically the PERFACTORY and VANQUISH products, in the United States and within the jurisdiction of the Court, that infringe the 3D Systems Patents, and/or has actively induced infringement of and/or has contributorily infringed the 3D Systems Patents, which infringement is ongoing.

35.     The foregoing acts of patent infringement by Sibco have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to 3D Systems, and 3D Systems has no adequate remedy at law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, 3D Systems, Inc. prays for the following relief and an entry of judgment from this Court:

7

A.      Holding that each of the 3D Systems Patents was duly and legally issued, is valid, and is enforceable;

B.      Holding that Envisiontec GmbH, Envisiontec, Inc., and Sibco, Inc. have directly infringed, contributorily infringed, and/or induced infringement of one or more of the claims of each of the 3D Systems Patents;

C.      Holding that Envisiontec GmbH, Envisiontec, Inc., and Sibco, Inc. have willfully infringed one or more claims of each of the 3D Systems Patents;

D.      Finding that this action is an "exceptional" case within the meaning of 35 U.S.C. § 285, and awarding 3D Systems, Inc. its reasonable attorney fees and expenses;

E.      Permanently enjoining Envisiontec GmbH, Envisiontec, Inc., and Sibco, Inc. and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order from committing further acts of infringement;

F.      Awarding damages to 3D Systems, Inc. and trebling such damages under 35 U.S.C. § 284;

G.      Awarding costs to 3D Systems, Inc.; and

H.      Such other relief as this Court deems necessary and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  June 2, 2006

Respectfully Submitted,

/s/ Susan M. Kornfield
BODMAN LLP
Susan M. Kornfield (P41071)
110 Miller, Suite 300
Ann Arbor, Michigan 48104
Telephone:  (734) 761.3780
Facsimile:  (734) 930.2492
skornfield@bodmanllp.com
*Attorneys for Plaintiff 3D Systems, Inc.*

Sidney David (SD 8700)
Stephen B. Goldman (SG 4018)
Samantha M. Kameros (SK 8223)
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Telephone:  (908) 654.5000
Facsimile:   (908)654.7866
*Attorneys for  or Plaintiff 3D Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the foregoing Amended Complaint for Injunctive Relief and Damages, Jury Demand, and Exhibits with the Clerk of the Court using the ECF system which will send notification, and by First Class U.S. Mail to:

Sidney David
Stephen B. Goldman
Samantha M. Kameros
Lerner, David, Littenberg,
  Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ  07090-1497


I declare under penalty of perjury that the foregoing statements are true and correct.


 /s/ Susan M. Kornfield
Susan M. Kornfield (P41071)
BODMAN LLP
110 Miller, Suite 300
Ann Arbor, Michigan 48104
(734) 761-3780
Primary E-mail Address: skornfield
@bodmanllp.com