UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| 3D SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENVISIONTEC, INC., ENVISIONTEC GMBH, )<br>and SIBCO, INC., )<br>)<br>Defendants. )<br>_____) | Case No. 2:05-cv-74891<br><br>Hon. Avern Cohn<br>Magistrate Judge Hon. R. Steven Whalen |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF 3D SYSTEMS, INC.'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS ENVISIONTEC GMBH AND SIBCO**

Defendants Envisiontec, Inc., Envisiontec GmbH, and Sibco, Inc.("Defendants") submit this Supplemental Brief In Support of Their Opposition to Plaintiff 3D Systems, Inc.'s ("3D Systems") Motion to Compel, dated September 15, 2006.

Before 3D Systems ever filed this lawsuit, its Chief Executive Officer threatened to put Envisiontec out of business if it did not capitulate to 3D's demands for a cross-license to Envisiontec's superior rapid prototyping technology. 3D then deployed the costly process of patent litigation to bleed Envisiontec and force it to capitulate. 3D Systems' Motion to Compel is but the latest chapter in its on-going campaign to destroy Envisiontec. 3D Systems already has 13,000 pages of Envisiontec's documents--nearly 5,000 pages of which concern the structure and operation of the accused Perfactory and Vanquish devices.[1] Almost all of these documents are from Envisiontec GmbH--a party over which the Court lacks jurisdiction.[2] Notwithstanding the jurisdictional issues, Defendants voluntarily produced the documents to move the case forward. Nevertheless, 3D Systems has moved to compel to further injure Envisiontec and drain its resources.

3D Systems continues to falsely suggest that Defendant Sibco, Inc. has responsive documents concerning the accused Perfactory and Vanquish devices. However, that suggestion

---

[1] Declaration of Steven R. Hansen, dated November 10, 2006 ("Hansen Dec.") at ¶ 2.
[2] 3D Systems does not dispute the fact that Envisiontec GmbH lacks offices, operations, employees, assets or registered agents in the United States. It provides no basis for this Court's jurisdiction over Envisiontec GmbH. However, 3D argues--without any support--that Envisiontec GmbH was properly served because Envisiontec, Inc. and Envisiontec GmbH have a common Chief Executive Officer. 3D Systems' Reply Brief at 4. 3D Systems' assertion is incorrect as a matter of law. Envisiontec GmbH and Envisiontec, Inc. are separate legal entities. They are not related as parent and subsidiary. However, even as to parents and subsidiaries, "The law is well settled that service of process on a wholly-owned subsidiary does not constitute service of a process on a parent corporation where separate corporate identities are maintained." *U.S. v. Investronica, Inc.*, 2 F.Supp.2d 330, 332 (W.D. N.Y. 1998), citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S. Ct. 250 (1925). As 3D Systems well knows from one of its earlier lawsuits, the fact that Envisiontec, Inc. and Envisiontec GmbH have overlapping officers does not remedy 3D's failure to serve Envisiontec GmbH. *See 3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d. 1373, 1376 & 1380 (Fed. Cir. 1998) (finding no jurisdiction over parent Aarotech notwithstanding that it had the same CEO as its subsidiary Aaroflex, over which the Court had jurisdiction).

1

is false. Defendants have repeatedly told 3D--including in the sworn declaration of Sibco CEO Al Siblani--that Sibco does not sell Perfactory or Vanquish and has no responsive documents concerning them.[3] 3D Systems also complains that Defendants did not memorialize the scope of their document production in supplemental responses to 3D Systems' Requests for Production. 3D Systems' Reply Brief at 5. However, Defendants supplemented their responses, clearly indicating that Sibco has no responsive Perfactory or Vanquish documents and that Envisiontec GmbH has produced its documents that concern the structure and operation of those devices.[4] Still, 3D Systems refuses to withdraw its motion.

3D Systems is also attempting to circumvent the Court's case management plan and shield its discovery misconduct and failure to perform a Rule 11 pre-filing infringement investigation. In its reply brief, 3D Systems expressly acknowledges that Envisiontec GmbH agreed to produce "documents which concern the structure and operation of the accused products." 3D Systems' Reply Brief at 3. However, 3D argues that it is entitled to an order

---

[3] Declaration of A. El Siblani, dated September 15, 2006 ("Siblani Dec.") at ¶ 5. The Siblani Dec. was filed concurrently with Defendants' Opposition to 3D Systems' Motion to Compel. 3D Systems continues to dispute this point because Sibco's website mentions the Perfactory device and includes a link to Envisiontec's website. However, the mere fact that Sibco's website includes these features does not change the fact that Sibco does not make, use, sell, offer for sale, or import the accused devices. Siblani Dec. at ¶ 5. 3D Systems also points to Sibco, Inc.'s sale of used *3D Systems* devices as evidencing Sibco's possession of relevant documents. Declaration of Samantha Kameros at ¶ 2, Exh. A. However, *nowhere* has 3D asserted that its infringement claims are based on the sale of *its own* used devices. Moreover, under the first sale doctrine, 3D's sale of its own devices exhausts its right to sue for patent infringement based on the re-selling of them. *Intel Corp. v. ULSI System Technology*, 995 F.2d 1566, 1568 (Fed. Cir. 1993).

[4] Defendants' First Supplemental Response to 3D Systems' First Set of Document Requests (Nos. 1-95) to Defendants Envisiontec, Inc., Envisiontec GmbH, and Sibco, Inc. (Exhibit F).

2

compelling *further production* "In light of the fact that 3D's discovery requests were not so limited." *Id.* Thus, 3D Systems is asking the Court to compel the production of documents that are only relevant to damages and willfulness issues, which have been stayed by the Court--an indisputable attempt to circumvent the Court's case management plan.

3D Systems' motion is also an attempt to shield its discovery misconduct from the Court. Before 3D Systems had produced a *single page*, Defendants produced over 13,000 pages of documents. Moreover, 3D Systems has produced only *one-half* of the responsive documents that it agreed to produce in August.[5] As a result, Envisiontec was forced to file a motion to compel on October 27, 2006. Document 42. As set forth in Envisiontec's motion, 3D Systems has continually impaired Defendants' efforts to obtain the documents 3D promised to produce in August, including by forcing Defendants to copy them in *New Jersey* and then harassing Defendants' copying vendor and interfering with the performance of its duties.

3D Systems is also attempting to shield its failure to file a Rule 11 pre-filing infringement investigation. 3D Systems has made clear that it is engaging in a fishing expedition to determine whether any infringement may even exist. If 3D Systems had performed a pre-filing infringement investigation, it would have readily identified allegedly infringed claims without requiring any discovery from Defendants. However, it is clear that no such investigation was conducted. In its response to Defendants' interrogatories, 3D Systems refused to identify *any* allegedly infringed claims. Exhibit E to Defendants' Opposition (Document 35). Although it has received Perfactory and Vanquish documents, 3D Systems has only identified "potential

---

[5] Hansen Dec. at ¶¶ 3-4 and e-mail exchange between Steven R. Hansen and Samantha Kameros, dated November 6, 2006 (Exhibit G).

patents and claims to be litigated" in a letter.[6] Even as to the identified "potential patents," 3D Systems has refused to identify how any of their claims allegedly read on Defendants' products. Now, 3D Systems is asking the Court to allow it to take depositions before it determines which claims are allegedly infringed.[7] To shield its violation of Rule 11, 3D Systems is improperly using the discovery process to determine whether infringement may exist, not to support an infringement claim that is properly predicated on a pre-filing infringement investigation. *See View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986-987 (Fed. Cir. 2000).

Notwithstanding its discovery misconduct, violation of the Court's case management plan, and violation of Rule 11, 3D Systems has the temerity to request attorney's fees. If anyone is entitled to attorney's fees, Defendants are entitled to them for being forced to incur the needless expense associated with defending against 3D Systems' moot motion.

                                                                            Respectfully submitted,

Dated: November 10, 2006                ENVISIONTEC, INC. and SIBCO, INC.

                                                                            s/R. Terrance Rader
                                                                            R. Terrance Rader (P28747)
                                                                            Steven R. Hansen (P69144)
                                                                            RADER FISHMAN & GRAUER PLLC
                                                                            39533 Woodward Avenue, Suite 140
                                                                            Bloomfield Hills, MI 48304
                                                                            Tel: 248-594-0600/ Fax: 248-594-0610
                                                                            Email: rtr@raderfishman.com

R0382924.DOC

                                                                            *Attorneys for Defendants*

---

[6] Letter from Stephen B. Goldman to Steven R. Hansen, dated October 9, 2006 (Exhibit H).
[7] *See* Motion of Plaintiff 3D Systems, Inc. to Amend the Scheduling Order, dated October 26, 2006 (Document 41).

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Susan M. Kornfield and Alan M. Harris, and I hereby certify that I have served the foregoing paper via first-class mail, postage prepaid on the following non-ECF participants:

Sidney David
Stephen B. Goldman
Samantha M. Kameros
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497

        s/R. Terrance Rader
        R. Terrance Rader (P28747)
        RADER FISHMAN & GRAUER PLLC
        39533 Woodward Avenue, Suite 140
        Bloomfield Hills, MI 48304
        Tel: 248-594-0600
        Fax: 248-594-0610
        Email: rtr@raderfishman.com