UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| 3D SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ENVISIONTEC, INC., ENVISIONTEC GMBH, and SIBCO, INC., <br><br> Defendants. | Case No. 2:05-cv-74891 <br><br> Hon. Avern Cohn <br> Magistrate Judge Hon. R. Steven Whalen |

## DECLARATION OF STEVEN R. HANSEN

I, Steven R. Hansen, submit this Declaration in support of Defendants' Supplemental Brief In Support of Their Opposition to Plaintiff 3D Systems, Inc.'s Motion to Compel Discovery from Defendants Envisiontec GmbH and Sibco. The facts set forth below are based on my personal knowledge, and if called to testify, I could and would testify competently thereto:

1. I am an attorney licensed to practice law in the State of California and the State of Michigan and am employed by the firm Rader, Fishman & Grauer, PLLC, counsel to Defendants in this lawsuit.

2. To date, Envisiontec, Inc. and Envisiontec GmbH have produced approximately 5,000 pages of documents which concern structure and operation of the two devices that 3D Systems accuses of infringement--Perfactory and Vanquish. In addition, Defendants have produced approximately 8,000 pages of additional documents. Defendants produced the foregoing documents before 3D Systems, Inc. ("3D Systems") produced a single page in response to Envisiontec's Requests for Production.

3. Defendants served Requests for Production on 3D Systems on June 27, 2006. On August 29, 2006, Sidney David, counsel for 3D Systems, informed me that approximately 35 bankers boxes of documents would be made available for inspection and copying in New Jersey.

4. 3D Systems produced about 10 boxes of documents for inspection in New Jersey on October 9, 2006. After 3D refused to commit to a date certain for producing any of the remaining 25 boxes of documents and began harassing Defendants' copying vendor, Defendants filed a motion to compel on October 27, 2006. 3D produced no additional documents until November 6, 2006, at which time it produced only eight (8) boxes of documents. Despite the fact that it had produced only 18 of the 35 identified boxes of documents, Samantha Kameros, counsel for 3D Systems, told me that the 18 boxes "completes 3D Systems' production of documents responsive to Defendants' requests." When I asked Ms. Kameros about the nearly two-fold discrepancy in the number of boxes that were identified and the number of boxes that were ultimately produced, she merely said that "The initial number of 35 boxes was an estimate." A copy of my e-mail exchange with Ms. Kameros is attached as Exhibit G to Defendants' Supplemental Brief.

5. At no time prior to November 6th did 3D Systems indicate that it had fewer than 35 boxes of responsive documents, which strongly suggests that 3D is withholding responsive documents.

*I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.*

Executed on this, the 10th day of November, 2006.

_____
Steven R. Hansen

2

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Susan M. Kornfield and Alan M. Harris, and I hereby certify that I have served the foregoing paper via first-class mail, postage prepaid on the following non-ECF participants:

Sidney David
Stephen B. Goldman
Samantha M. Kameros
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497

                            s/R. Terrance Rader
                            R. Terrance Rader (P28747)
                            RADER FISHMAN & GRAUER PLLC
                            39533 Woodward Avenue, Suite 140
                            Bloomfield Hills, MI 48304
                            Tel: 248-594-0600
                            Fax: 248-594-0610
                            Email: rtr@raderfishman.com