# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| 3D SYSTEMS, INC., | : | Case No. 05-74891 |
| | : | |
| Plaintiff, | : | Hon. Avern Cohn |
| v. | : | |
| | : | Magistrate Judge Hon. R. Steven Whalen |
| ENVISIONTEC, INC., ENVISIONTEC GMBH, and SIBCO, INC., | : | |
| | : | |
| | : | **PLAINTIFF 3D SYSTEMS, INC.** |
| Defendants. | : | **REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIMS** |

BODMAN LLP
Susan M. Kornfield (P41071)
Alan N. Harris (P56324)
Suite 400
401 E. Liberty
Ann Arbor, Michigan 48104
Tel: 734-761-3780
Fax: 734-930-2494
Attorneys for Plaintiff

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
Sidney David (SD 8700)
Stephen B. Goldman (SG 4018)
Samantha M. Kameros (SK 8223)
600 South Avenue West
Westfield, New Jersey 07090-1497
Tel: 908-654-5000
Fax: 908-654-7866
Attorneys for Plaintiff

RADER, FISHMAN & GRAUER, PLLC
R. Terrance Rader (P28747)
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304
Tel: 248-594-0600
Fax: 248-594-0610
Attorneys for Defendants

**PLAINTIFF 3D SYSTEMS, INC. REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIMS**

Plaintiff 3D Systems, Inc., ("3D Systems"), replies to the allegations contained in Defendants' Envisiontec, Inc., Envisiontec GmbH, and Sibco, Inc. ("Defendants") amended counterclaims as follows:

**REPLY TO AMENDED COUNTERCLAIMS**

**Nature of the Action**

48. 3D Systems admits that the amended counterclaims are for a declaratory judgment, damages and injunctive relief as set forth in the allegations contained in paragraph 48 of Defendants' amended counterclaims, but denies that Defendants are entitled to the relief requested.

**The Parties**

49. 3D Systems admits the allegations contained in paragraph 49.

50. 3D Systems admits the allegations contained in paragraph 50, except that the headquarters address of 3D Systems Corp. has changed to: 333 Three D Circle, Rock Hill, South Carolina 29730.

**Jurisdiction**

51. 3D Systems denies that Envisiontec has sufficiently alleged the basis for diversity jurisdiction or that diversity jurisdiction exists, but otherwise admits the allegations contained in paragraph 51.

**COUNT I**

**Declaration of Patent Non-Infringement, Invalidity, and/or Unenforceability**

52. 3D Systems re-alleges and reincorporates its responses contained in paragraph 48-51 above (noting that no response is required as to paragraphs 36-47 which are directed to Defendants' affirmative defenses), as if set forth fully herein.

53. 3D Systems admits the allegations contained in paragraph 53.

54. 3D Systems denies the allegations contained in paragraph 54.

55. 3D Systems denies the allegations contained in paragraph 55.

56. 3D Systems admits the allegations contained in paragraph 56.

57. 3D Systems denies the allegations contained in paragraph 57.

## COUNT II

## Monopolization and Attempted Monopolization of the Industrial Rapid Prototyping Market

58. This allegation is improper by virtue of its incorporation by reference irrelevant factual allegations and conclusions of prior paragraphs ( Nos. 52-57) which are not related to this Count II.  Notwithstanding the foregoing, 3D Systems re-alleges and reincorporates its responses contained herein to paragraphs 48 - 57 above, as if set forth fully herein.

59. 3D Systems admits the allegation in the first sentence of paragraph 59, but denies the remaining allegations contained in paragraph 59.

60. 3D Systems denies the allegations contained in paragraph 60.

61. 3D Systems admits that the Form 10-K that it filed for its fiscal year ended December 31, 2005 3D Systems reported total consolidated revenues of $139,670,000, but it denies the remaining allegations contained in paragraph 61.

62. 3D Systems admits the allegation in the 3rd sentence of paragraph 62, but denies the remaining allegations contained in paragraph 62.

63. 3D Systems denies the allegations contained in paragraph 63.

64. 3D Systems denies the allegations contained in paragraph 64.

65. 3D Systems admits that it was a plaintiff in a patent lawsuit against Aaroflex, Inc., but denies the remaining allegations contained in paragraph 65

66. 3D Systems denies the allegations contained in paragraph 66.

67. 3D Systems denies the allegations contained in paragraph 67.

68. 3D Systems denies the allegations contained in paragraph 68.

69. 3D Systems denies the allegations contained in paragraph 69.

70. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of the 2nd and 5th sentences of paragraph 70, and denies the remaining allegations contained in paragraph 70.

71. 3D Systems denies the allegations contained in paragraph 71.

72. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 72 and it denies the allegations contained in remainder of paragraph 72.

73. 3D Systems admits that in 2001 the United States Department of Justice filed suit against 3D Systems, *United States of America v. 3D Systems Corp. and DTM Corp.*, 1:01CV01237 (GK) (D.D.C.) in which it sought to enjoin the acquisition by 3D Systems Corporation of DTM Corporation, but denies the remaining allegations contained in paragraph 73.

74. 3D Systems admits that the United States Department of Justice website, visited on December 27, 2006, reflected that CMET pled guilty to charges of obstruction of justice in *United States of America v. CMET, Inc.*, Criminal No: 06-075 ( U.S.D.C., D.C.), but it denies the remaining allegations contained in paragraph 74.

75. 3D Systems admits the allegations of the 1st sentence of paragraph 75, but 3D Systems denies the remaining allegations contained in paragraph 75.

76. 3D Systems denies the allegations contained in paragraph 76.

77. 3D Systems denies the allegations contained in paragraph 77.

78. 3D Systems denies the allegations contained in paragraph 78.

79. 3D Systems denies the allegations contained in paragraph 79.

80. 3D Systems denies the allegations contained in paragraph 80.

81. 3D Systems denies the allegations contained in paragraph 81.

## COUNT III
### Intentional Interference with Actual and/or Perspective Economic Advantage

82. This allegation is improper by virtue of its incorporation by reference irrelevant factual allegations and conclusions of prior paragraphs (Nos. 51-81) which are not related to this Count III. Notwithstanding the foregoing, 3D Systems re-alleges and reincorporates its responses contained herein to paragraphs 48- 81 above, as if set forth fully herein.

83. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85. 3D Systems denies the allegations of paragraph 85.

86. 3D Systems denies the allegations of paragraph 86.

87. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the 2nd and 5th sentences of paragraph 87, and it denies the remaining allegations of paragraph 87.

88. 3D Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of the 2nd sentence of paragraph 88 and it denies the allegations contained in remainder of paragraph 88.

89. 3D Systems denies the allegations of paragraph 89.

90.     3D Systems denies the allegations of paragraph 90.

## FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred by the Noerr-Pennington Doctrine.

## THIRD AFFIRMATIVE DEFENSE

Count II of Defendants' counterclaims fails to properly allege a relevant geographic market or a relevant product market.

## FOURTH AFFIRMATIVE DEFENSE

Count II of Defendants' counterclaims fails to allege any predatory or exclusionary conduct by 3D Systems.

## FIFTH AFFIRMATIVE DEFENSE

Count II of Defendants' counterclaims fails to sufficiently allege that 3D Systems has monopoly power.

## SIXTH AFFIRMATIVE DEFENSE

Count II of Defendants' counterclaims fails to allege any "antitrust injury".

## SEVENTH AFFIRMATIVE DEFENSE

3D Systems reserves the right to assert additional affirmative defenses as they become apparent through discovery.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

A.      An Order dismissing Defendants' amended counterclaims with prejudice and denying the relief requested in Defendants' amended counterclaims;

B.      An Order granting Plaintiff's affirmative defenses;

C.     An award of attorney fees and costs to Plaintiff associated with Defendants' amended counterclaims; and

D.     Such other and further relief as this Court deems necessary and just.


Dated: December 29, 2006                    Respectfully submitted,

                                            s/Susan M. Kornfield
                                            Susan M. Kornfield (P41071)
                                            Alan N. Harris (P56324)
                                            BODMAN LLP
                                            Suite 400
                                            401 E. Liberty
                                            Ann Arbor, Michigan 48104
                                            Tel:    734.761.3780
                                            Fax:    734.930.2494
                                            *Attorneys For Plaintiff 3D Systems, Inc.*

                                            Sidney David (SD 8700)
                                            Stephen B. Goldman (SG 4018)
                                            Samantha M. Kameros (SK 8223)
                                            LERNER, DAVID, LITTENBERG,
                                              KRUMHOLZ & MENTLIK, LLP
                                            600 South Avenue West
                                            Westfield, New Jersey  07090-1497
                                            Tel:    908.654.5000
                                            Fax:    908.654.7866
                                            *Attorneys For Plaintiff 3D Systems, Inc.*

                                            Jerome W. Hoffman
                                            Florida Bar No. 0258830
                                            David C. Borucke
                                            Florida Bar No. 039195
                                            HOLLAND & KNIGHT LLP
                                            Tallahassee, FL 32302
                                            Telephone:  (850) 224-7000
                                            Facsimile:  (850) 224-8832
                                            *Attorneys for Plaintiff 3D Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

R. Terrance Rader   rtr@raderfishman.com.
Steven Hansen @    srh@raderfishman.com

I declare under penalty of perjury that the foregoing statements are true and correct.

                                              s/Susan M. Kornfield
                                              Susan M. Kornfield
                                              Alan N. Harris (P56324)
                                              BODMAN LLP
                                              Suite 400, 401 E. Liberty
                                              Ann Arbor, Michigan 48104
                                              Telephone: 734-761-3780
                                              Primary Email: skornfield@bodmanllp.com
                                              P41071