# EXHIBIT 24

```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


    3D SYSTEMS, INC.,

                Plaintiff,
                                         HON. ROBERT NEUNER
         -v-
                                         No. 05-74891
    ENVISIONTEC INC., ENVISIONTEC
    GMBH, AND SIBCO, INC.,

                Defendants.
    _____/


                         MARKMAN HEARING

                      Thursday, April 5, 2007

                         -   -   -
    APPEARANCES:

    LERNER, DAVID, LITTENBERG,       RADER, FISHMAN & GRAUER, PLLC
    KRUMHOLZ & MENTLIK, LLP          R. Terrance Rader (P28747)
    Sidney David (SD 8700)           Steven R. Hansen (P69144)
    Jonathan David (JD7559)          39533 Woodward Ave., Ste. 140
    600 South Avenue West            Bloomfield Hills MI 48304
    Westfield NJ 07090-1497          Tel: (248) 594-0600
    Tel: (908) 654-5000              Fax: (248) 594-0610
    Fax: (908) 654-7866              Attorneys for Defendants
    Attorneys for Plaintiff

    BODMAN LLP
    Susan M. Kornfield (P41071)
    110 Miller, Ste. 300
    Ann Arbor MI 48104
    Tel: (734) 761-3780
    Fax: (734) 930-2494
    Attorneys for Plaintiff

    Reported By:

             Nefertiti Jodi Matthews, CSR - 5915
             Theodore Levin United States Courthouse
             231 West Lafayette Boulevard, Room 867
                   Detroit, Michigan  48226
                        (313) 964-5989
```

Markman Hearing
Thursday, April 5, 2007                                    91

the elevator.

THE COURT: All right. So, when you get to the last limitation when the claim says, "Forming and adhering successive cross-sectional layers of structure to any previously formed cross-sectional layers of structure by exposing said medium to said prescribed radiation in response to said data", your point is that said data means all of the objects?

MR. DAVID: Absolutely.

Because if I wanted to claim an intermediate step, I could say, "slicing the data represents the whole object", and then sending that layer that represents the cross-sectional layer to the next step in the computer, which is in Claim 13 of the '307 Patent, which has an additional step of converting, slicing the data.

So, I'm suggesting that as a patent attorney, this is broadly responsive to said data through an unclaimed intermediate step.

And I think it's an elementary principle of patent drafting, that when you're claiming broadly, the prior art, you don't have to claim every intervening step.

And that's my point. We start off with the data that represents the object. We do slice it to sections, and then we do, in fact, send it to the next

3D SYSTEMS V ENVISIONTEC & SIBCO

```
                    Markman Hearing                    92
                 Thursday, April 5, 2007
```

1   computer.
2       But this claim is broader than Claim 13, that I
3   showed you before in the '307 Patent, which was
4   claiming that the intermediate step of converting the
5   data representing the object into data representing
6   cross-sections of the object.
7       THE COURT: So, your position is the third
8   limitation does not describe that intermediate step?
9       MR. DAVID: Absolutely not. It just says, "It is
10  responsive to broad information of a first step,
11  albeit, not claimed intermediate step", that's what I'm
12  saying.
13      THE COURT: Mr. Rader.
14  RESPONSE BY MR. RADER
15      MR. RADER: I hate to dwell on this further
16  but the drawing --
17      THE COURT: Well, give it to our reporter and
18  she'll mark it as Court Exhibit No. 1.
19      MR. RADER: Instead of referring to Court Exhibit
20  1, which I don't think is the appropriate way to
21  consider this issue --
22      THE COURT: Oh, no, it's a lesser.
23      MR. DAVID: Yes.
24      MR. RADER: I think if we go back to the slide
25  that Mr. David referred you to, slide 46 from the

```
              3D SYSTEMS V ENVISIONTEC & SIBCO
```