UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

3D SYSTEMS, INC.,

    Plaintiff,

                                                                          Case No. 05-74891

-vs-                                                      Hon:  AVERN COHN

ENVISIONTEC, INC., ENVISIONTEC
GMBH; and SIBCO, INC.,

    Defendants.
                                                          /

## ORDER SETTING ASIDE GRANT OF SUMMARY JUDGMENT
## OF NON-INFRINGEMENT OF THE '537 PATENT,
## AND INCLUDING ISSUE OF INFRINGEMENT FOR TRIAL

This is a patent case. Before the Court is the "Supplemental Submission of 3D Systems, Inc. [etc]" (Doc. No. 180) and the "Opposition to Plaintiff's Supplemental Submission [etc]" (Doc. No. 187). These papers were filed as a follow-up to the Order Allowing Discovery (Doc. No. 175) which was entered as a consequence of 3D Systems taking exception, via a motion for reconsideration (Doc. No. 169), to the Court's granting of summary judgment of non-infringement of the '537 patent (Doc. No. 167) on the grounds "the cooling blades of the Vanquish device do not apply or disperse uncured building material, and therefore the device does not infringe."

Plaintiff's supplemental submission runs approximately 30 pages and includes 13 exhibits. The exhibits generally consist of (1) a DVD with 6 .mp4 files, (2) transcripts of deposition testimony, (3) a CD containing 2 video files, 3 still photos, and a video

1

interview, (4) a declaration, (5) e-mails between counsel. Defendants' opposition also runs approximately 29 pages and includes 8 exhibits; Exhibit A includes 6 subparts. Defendant also filed a DVD and CD, as well as other documentary materials. All of this makes for a very dense record.

As Judge Plager said in his concurring opinion in Caterpillar, Inc. v. Deere & Company, 224 F.3d 1374, 1381 (Fed. Cir. 2000) (a case in which the Court's grant of summary judgment was reversed in a 2-1 decision):

> I join the opinion and concur in the conclusion that this case must be returned for trial, but I do so without enthusiasm. If the trial judge sat as the trier of fact, I would find his assessment of the facts unimpeachable. But he does not. Instead, under the rules as we now have them, and because the patentee's lawyer did a good job of building a record of arguably disputable facts, the matter (unless settled) will now go to a jury before whom there will be a lengthy and costly contest of the experts. The jury will then pick a winner; it may be the judge's winner, or it may not. In either event, the case provides a textbook example of the insubstantial nature of the "insubstantial differences" test, and its marginally legitimate child, "substantially the same way to achieve substantially the same result," on which the outcome will turn. May the best lawyer win.

Considering the current filings, the Court is constrained to set aside the grant of summary judgment of non-infringement of the '537 patent and amend the Amended Pre-Trial Order (Doc. No. 178) to include as an issue for trial the following:

'537 Patent

1. Whether, as required by claim 81, the cooling blades of the Vanquish device apply or disperse uncured building material.

2

There shall be no further filings in this case by either party except the materials required to be lodged with the Court on August 31, 2010 (the date of the final pretrial conference) described in paragraph 4 of the Amended Pre-Trial Order.

SO ORDERED.

                                                                S/Avern Cohn  
                                                                AVERN COHN  
                                                                UNITED STATES DISTRICT JUDGE

Dated: July 22, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2010, by electronic and/or ordinary mail.

                                                                S/Michael Williams  
                                                               Case Manager, (313) 234-5160