**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| 3D SYSTEMS, INC., | : |
| | : Case No. 05-74891 |
| Plaintiff, | : |
| v. | : Hon. Avern Cohn |
| | : |
| ENVISIONTEC, INC., ENVISIONTEC GMBH, and SIBCO, INC., | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

BODMAN LLP
Susan M. Kornfield (P41071)
Alan N. Harris (P56324)
Suite 400
201 South Division Street
Ann Arbor, Michigan 48104
Tel:   734-930-2488
Fax:   734-930-2494
skornfield@bodmanllp.com
aharris@bodmanllp.com
Attorneys for Plaintiff

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
Sidney David
Jonathan A. David
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908-654-5000
Fax:   908-654-7866
Attorneys for Plaintiff

RADER, FISHMAN & GRAUER, PLLC
R. Terrance Rader (P28747)
Kristin L. Murphy (P57284)
Justin S. Cohen (P70901)
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304
Tel:   248-594-0600
Fax:   248-594-0610
Attorneys for Defendants

**3D SYSTEMS' OBJECTIONS TO DEFENDANTS' PROPOSED
FORM OF JUDGMENT AS TO PARADIGM PATENTS**

## I.     THE COMPETING VERSIONS

3D Systems hereby objects to the form of judgment submitted by defendants and requests that the Court enter 3D Systems' version filed herewith.  The parties have attempted to agree on a common form but were unable to reach agreement.  The competing versions are provided below, with differences highlighted in yellow:

| 3D Systems' Version | Defendants' Version |
|---|---|
| Following the jury verdict entered on September 29, 2010 (Dkt.275), it is hereby ORDERED and ADJUDGED that: | Following the summary judgment order and opinion (Dkt. 167) and the jury verdict entered on September 29, 2010 (Dkt. 275), it is hereby ORDERED and ADJUDGED that: |
| 1.     The accused Perfactory and Vanquish machines do not infringe claim 11 of U.S. Patent No. 5,630,981. | 1.     The accused Perfactory and Vanquish machines do not infringe U.S. Patent No. 5,630,981. |
| 2.     The accused Vanquish machines infringe claim 2 of U.S. Patent No. 5,651,934. | |
| 3.     The accused Vanquish machines do not infringe claim 81 of U.S. Patent No. 5,902,537. | 2.     The accused Vanquish machines do not infringe U.S. Patent No. 5,902,537. |
| | 3.     The accused Perfactory and Vanquish machines do not infringe U.S. Patent No. 4,999,143. |

## II.    3D SYSTEMS' OBJECTIONS TO DEFENDANTS' VERSION

1.     **The '143 Patent**:  Defendants seek to include the '143 Patent in the judgment.  3D Systems submits that entering another order on the '143 Patent is improper because the Court already issued a prior Order granting summary judgment of noninfringement as to the '143 patent.  (3/9/10 Memo and Order, Dkt.167.) Defendants' version of judgment would create confusion by introducing another judgment, resulting in two different judgments for the '143 Patent.  Moreover, even if the '143 Patent were

2

included in this judgment, as noted in item (2) below, defendants have improperly omitted the asserted paradigm claim (claim 35) from this patent.

2.  **Infringement of Specific Claims**: Defendants purposefully omit the specific paradigm claims from their form of judgment as to the '981 Patent (claim 11), the '934 Patent (claim 2) and the '537 Patent (claim 81). However, only asserted <u>claims</u> of patents can be infringed or not infringed. Thus, defendants' version omitting the asserted paradigm claims at issue is incorrect as a matter of patent law. Further, the issues for trial related to three specific paradigm claims, not to <u>all</u> of the claims of each patent. There are numerous additional claims that stand alone in each of the patents that were not litigated in this phase. It would be clear error to enter a judgment for defendants and against 3D Systems on non-litigated patent claims that do not have the exact same claim scope as the particular paradigm claims that were litigated.

3.  **The '934 Patent**: Defendants have removed the '934 Patent from their version, apparently now arguing that 3D Systems did not introduce evidence of direct infringement of paradigm claim 2, a method claim. First, this assertion is merely an argument that defendants are now making, which they did not raise before. Second, the issue of which defendant infringes, and how so (such as directly or through contributory infringement or inducement), was bifurcated from the jury trial by the Court to be decided later at the damages phase. (Indeed, 3D Systems has evidence that Sibco and Envisiontec Inc. directly infringe the method claim but did not introduce that evidence in this phase of the trial per the ruling of the Court on the motions *in limine*.) Third, 3D Systems brought in Mr. Gogoe, who testified that both he and Envisiontec personnel had operated his Vanquish machine numerous times – proof of direct infringement by a

customer and by Envisiontec, which defendants did not challenge at trial.  (Defendants only took issue with how much material was drawn into the cooling blade.)

*   *   *

In view of the above, 3D Systems respectfully requests the Court to enter 3D Systems' version of the judgment and reject defendants' version.

Respectfully submitted,

Dated: October 5, 2010

s/Jonathan A. David
Jonathan A. David
Sidney David
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908-654-5000
Fax:   908-654-7866
jdavid@ldlkm.com


s/Susan M. Kornfieldd
Susan M. Kornfield (P41071)
Alan N. Harris (P56324)
BODMAN LLP
Suite 400
201 South Division Street
Ann Arbor, Michigan 48104
Tel:   734-930-2488
Fax:   734-930-2494
skornfield@bodmanllp.com
aharris@bodmanllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

R. Terrance Rader: rtr@raderfishman.com
klm@raderfishman.com, kln@raderfishman.com,
    litigationparalegals@raderfishman.com
jsc@raderfishman.com, litigationparalegals@raderfishman.com

I declare under penalty of perjury that the foregoing statements are true and correct.

s/ Jonathan A. David
Jonathan A. David
Sidney David
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Telephone:  (908) 654-5000
Facsimile:   (908) 654-7866
jdavid@ldlkm.com

s/ Susan M. Kornfield
Susan M. Kornfield (P41071)
Alan N. Harris (P56324)
BODMAN LLP
Suite 400
201 South Division Street
Ann Arbor, Michigan 48104
Telephone: (734) 761-3780
Facsimile: (734) 930-2494
skornfield@bodmanllp.com
aharris@bodmanllp.com