UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

3D SYSTEMS, INC.,

    Plaintiff,

                                                 Case No. 05-74891

-vs-                                      Hon: AVERN COHN

ENVISIONTEC, INC.,
ENVISIONTEC GMBH and
SIBCO, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY DAMAGES

This is a patent case. Before the Court is defendants' Motion And Brief To Stay Damages (Doc. 329). The motion is DENIED without prejudice.

The background of the motion is described in the Memorandum And Order Granting Plaintiff's Renewed Motion For Judgment As A Matter Of Law And Denying Defendants' Renewed Motion For Judgment As A Matter Of Law (Doc. 294), and the Memorandum Of Reasons For Entry Of Final Judgment (Third Amended Judgment); Expressly Determining That The Judgment Is A Final Judgment; Expressly Determining That There Is No Just Reason For Delay In Its Entry; And Certifying The Case For Immediate Appeal Under Fed.R.Civ.P. 54(b) (Doc. 332).

Defendants represent to the Court that they will appeal the final judgment. They say in their motion that the time and resources of the parties should not be unnecessarily expended during the pendency of the appeal, given that there is a likelihood of reversal of the finding of infringement.

1

Plaintiff says that if defendants appeal they will move for dismissal on the grounds that the non-paradigm patents and non-asserted claims of the paradigm patents remain to be adjudicated, and that it is prejudiced by delaying consideration of damages given the finding of infringement.

As to the non-paradigm patents and non-asserted claims of the paradigm patents, neither party has suggested they are non-duplicative, unique or significantly different than the adjudicated patents and claims.  Also, neither party suggests that damages discovery will be unusually complicated, burdensome or time consuming.

Under the circumstances, it appears to the Court that discovery on damages should go forward.  Too often in a patent infringement case the dollar amount at stake seems to play second fiddle to the substantive contest over infringement.  This case has been pending since 2005.  It is not too soon for an appreciation of the dollars involved.

Should it appear that plaintiff's approach to discovery is excessive, the Court, upon motion, will reconsider this denial.

SO ORDERED.


Dated: October 13, 2011

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 13, 2011, by electronic and/or ordinary mail.

 S/Julie Owens  
Case Manager, (313) 234-5160